# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARSHALL GILLMORE,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    **CIVIL ACTION NO. 19-CV-5571** |
| | : |
| MARIROSA LAMAS, *et al.*,<br>    Defendants. | :<br>: |

FILED
DEC 13 2019

## ORDER

AND NOW, this 12th day of December, 2019, upon consideration of Plaintiff Marshall Gillmore's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 3), and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Marshall Gillmore, #NR-9151, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Chester or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Gillmore's inmate account; or (b) the average monthly balance in Gillmore's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Gillmore's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Gillmore's inmate account until the fees are paid. Each payment shall reference the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI Chester.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, Gillmore's official capacity claims against the Defendants employed by the Department of Corrections are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6. For the reasons stated in the Court's Memorandum, the following claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

   a. Claims against Defendant Green in her official capacity;

   b. All retaliation claims;

   c. All claims based on Gillmore's placement in the RHU; and

   d. All claims against Defendants M. Quinn, Marirosa Lamas, Kenneth Eason, P. Bocco, and A. White.

7. Gillmore is given thirty (30) days to file an amended complaint in the event he can allege additional facts to cure the defects in the claims the Court dismissed without prejudice. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Gillmore's claims against each defendant, and shall bear the title "Amended Complaint" and the caption 19-5571. If Gillmore files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Gillmore's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. Any amended complaint should not refer back to or depend on the original complaint to state a claim. When drafting his amended complaint, Gillmore should be mindful of the Court's reasons for dismissing his claims

as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. If Gillmore does not file an amended complaint the Court will direct service of his initial Complaint on Defendants Lorie Eason, Friend, Adams, Kaiser, Dunlap, and Green so Gillmore may proceed on his remaining claims against them. Gillmore may also notify the Court that he seeks to proceed on his remaining claims against these Defendants rather than file an amended complaint. If he files such a notice, Gillmore is reminded to include the case number for this case, 19-5571.

BY THE COURT:

_____
C. DARNELL JONES, II, J.

ENT'D DEC 16 2019