IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARSHALL GILLMORE,  :
   Plaintiff,  :
     :
v.  :  CIVIL ACTION NO. 19-CV-5571
     :
MARIROSA LAMAS, *et al.*,  :
   Defendants.  :

## ORDER

AND NOW, this 10th day of February, 2020, upon consideration of Plaintiff Marshall Gillmore's Motion to Amended Complaint (ECF No. 9), it is **ORDERED** that:

1.    The following claims are **DISMISSED WITH PREJUDICE**, purausnt to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons stated in the Court's Memorandum:

    a. All claims agains the Defendants in their official capacities.

    b. All claims against Defendants Marirosa Lamas, Kenneth Eason, and M. Quinn.  The Clerk of Court shall **TERMINATE** these Defendants as parties to this case.

    c. Claims based on Gillmore's placement in the RHU and Gillmore's retaliation claims, with the exception of his claims against Defendant Bocco based on the events of November 9, 2019.

2.    The Clerk of Court is specially appointed to serve written waiver requests on the Defendants, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service so that Gillmore may proceed on the following claims, discussed in the Court's Memorandum:

    a. Claims against Defendants Lorie Eason, D. Friend, B. Adams, A. White, K. Kaiser, C. Dunlap, and Green, based on his placement in the dry cell, the

conditions in the dry cell, the use of force against him during this period, and the failure to provide medical treatment during this time.

b. Retaliation claim against Defendant P. Bocco based on the events of November 9, 2019.

The waiver of service requests shall be accompanied by a copy of the Amended Complaint and this Order and accompanying Memorandum, and shall inform the Defendants of the consequences of compliance and failure to comply with the requests.[1] The requests shall allow the Defendants at least 30 days from the date they are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers. If a signed waiver is not returned within the time limit given, the Clerk of Court shall issue summonses and transmit the summonses and a copy of the Amended Complaint along with this Order and accompanying Memorandum to the U.S. Marshals Service for immediate service.

3. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct
> copy of the foregoing (name of pleading or other paper)
> has been served upon (name(s) of person(s) served) by
> placing the same in the U.S. mail, properly addressed,
> this (day) of (month), (year).
> _____
>     (Signature)"

---

[1] The Clerk of Court shall serve the waiver requests upon the remaining Defendants at SCI Chester.

4. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Gillmore is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

5. Gillmore is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Gillmore shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

6. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

7. In the event a summons is returned unexecuted, it is Gillmore's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

8. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

                  **BY THE COURT:**

                  */s/ C. Darnell Jones, II*
                  C. DARNELL JONES, II, J.